CLERK'S OFFICE U.S. DIST. COUR"
AT ROANOKE, VA
FILED

APR 24 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:08CR00050 |
| | ) | (Civil Action No. 7:16CV81021) |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| GEORGE MOIR HYLTON, JR., | ) | |
| | ) | By: Glen E. Conrad |
| Defendant. | ) | Senior United States District Judge |

George Moir Hylton, Jr., a federal inmate, has filed an authorized successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his enhanced sentence as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unlawful. After consideration of the record and applicable caselaw, the court concludes that Hylton's motion must be dismissed.

**I.**

Hylton pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e). Hylton's Presentence Investigation Report ("PSR") recommended that he receive an increased sentence because he qualified as an armed career criminal in that he had at least three prior convictions for a violent felony or a serious drug offense, or both. PSR ¶ 19, ECF No. 70. The predicate offenses supporting his status as an armed career criminal include two prior Virginia convictions for unlawful wounding, one prior Virginia conviction for malicious wounding, and one prior Virginia conviction for burglary.[1] Id. ¶¶ 25, 27, 28, and 31. On March 8, 2010, the court sentenced Hylton to a total of 180 months' incarceration after adopting the PSR and concluding that he was an armed career criminal. Hylton appealed but the

---

[1] The PSR also listed a conviction for three counts of distribution of less than ½ ounce of marijuana as support for Hylton's ACCA-enhanced sentence. Id. ¶ 30. However, because that conviction was for a misdemeanor, it does not qualify as a serious drug offense for ACCA purposes. Va. Code Ann. § 18.2-248.1(a)(1).

United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. United States v. Hylton, 429 F. App'x 329, 330 (4th Cir. 2011) (unpublished).

The court appointed the Federal Public Defender's Office to represent Hylton and provide briefing, if necessary, in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551, 2563 (2015), pursuant to Standing Order 2015-5. The Federal Public Defender's Office filed a § 2255 motion on Hylton's behalf. On September 28, 2017, the court stayed the case pending a decision by the United States Court of Appeals for the Fourth Circuit in United States v. Jenkins, Case No. 16-4121. Jenkins has now been decided, No. 16-4121, 2018 WL 1225728 (4th Cir. March 9, 2018) (unpublished); accordingly, the § 2255 motion is ripe for review.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his or her sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Hylton bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

A. The ACCA Enhanced Sentence Structure

Hylton claims that he no longer qualifies as an armed career criminal because his unlawful wounding, malicious wounding, and burglary convictions cannot be used to support an enhanced sentence under the ACCA. His argument with regard to unlawful and malicious wounding is foreclosed by Jenkins.

2

Federal law prohibits convicted felons from possessing firearms. 18 U.S.C. § 922(g). Defendants who violate this law are subject to a term of up to ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, when defendants convicted of a § 922(g) charge have three or more prior convictions for "serious drug offenses" or "violent felonies," they qualify as armed career criminals under the ACCA. Armed career criminals face an increased punishment: a statutory mandatory minimum of fifteen years' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1).

In Johnson, the Supreme Court invalidated part of the definition of "violent felony" under the ACCA. 135 S. Ct. at 2563. The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court reviewed the second part of subsection (ii) of the violent felony definition. It concluded that the clause, known as the "residual clause," which provides, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. 135 S. Ct. at 2563. The Supreme Court did not, however, strike down the other portions of the violent felony definition, which include subsection (i), known as the "force clause," and the first part of subsection (ii), delineating specific crimes, known as the "enumerated crimes clause." Johnson, 135 S. Ct. at 2563 (noting that other than the residual clause, the Court's holding "d[id] not call into question. . . the remainder of the [ACCA's] definition of a violent felony"). In addition, Johnson did not affect

3

the definition of "serious drug offenses," a conviction for which continues to support an enhanced ACCA sentence. Therefore, the Johnson decision only limited the types of prior convictions that can act as predicate "violent felonies" under the residual clause. The Supreme Court's decision in Johnson announced a new rule of constitutional law that applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

B. Predicate Offenses

Hylton has four predicate offenses that the court used to support his enhanced ACCA sentence: two unlawful wounding convictions, one malicious wounding conviction, and one burglary conviction. He challenges all of these predicate offenses, asserting that they no longer qualify as violent felonies.

Hylton is correct that his Virginia burglary conviction can no longer be used to support his status as an armed career criminal. Although burglary is listed as an enumerated offense in the first part of subsection (ii) of § 924(e)(2)(B), the Supreme Court has established that a defendant's prior conviction can qualify as a "burglary" under the ACCA only if it was a conviction for "generic burglary." Taylor v. United States, 495 U.S. 575, 602 (1990). The Fourth Circuit has concluded that the Virginia burglary statute, Virginia Code § 18.2-91,[2] criminalizes conduct outside the scope of a generic burglary conviction and is indivisible, that is,

---

[2] Virginia Code § 18.2-91 provided at the time of Hylton's conviction in 1983: "If any person do any of the acts mentioned in § 18.2-90 with intent to commit larceny, or any felony other than murder, rape or robbery, he shall be deemed guilty of statutory burglary. . . ." Va. Code Ann. § 18.2-91 (as amended 1975). Virginia Code § 18.2-90, in turn, provided the elements of statutory burglary and read:

> If any person in the nighttime enter without breaking or in the daytime break and enter a dwelling house or an outhouse adjoining thereto and occupied therewith or in the nighttime enter without breaking or break and enter either in the daytime or nighttime any office, shop, storehouse, warehouse, banking house, or other house, or any ship, vessel or river craft or any railroad car, or any automobile, truck or trailer, if such automobile, truck or trailer is used as a dwelling or place of human habitation, with intent to commit murder, rape or robbery, he shall be deemed guilty of statutory burglary . . . .

Va. Code Ann. § 18.2-90 (as amended 1975).

4

it sets forth just one crime. Castendet-Lewis v. Sessions, 855 F.3d 253, 261 (4th Cir. 2017). Because Virginia burglary is both broader than generic burglary and indivisible, such a conviction can no longer support an ACCA enhanced sentence. United States v. Major, 693 F. App'x 267, 268 (4th Cir. 2017) (unpublished) (concluding that a defendant's status as an armed career criminal could not stand because it was based on prior convictions for Virginia burglary).

However, Hylton's convictions for unlawful and malicious wounding continue to support his ACCA-enhanced sentence. In Jenkins, the Fourth Circuit concluded that unlawful wounding convictions under Virginia Code § 18.2-151[3] continue to qualify as violent felonies following Johnson. Jenkins, 2018 WL 1225728, at *4. The court held that because a conviction for unlawful wounding requires both "causation of bodily injury" and "intent to maim, disfigure, disable or kill," it satisfies the force clause of the ACCA. Id., 2018 WL 1225728, at *1. The reasoning of Jenkins applies to convictions for malicious wounding as well. The Fourth Circuit analyzed unlawful wounding because it comprises the least culpable conduct criminalized by the statute. Id. Malicious wounding, which is a more serious crime than unlawful wounding, would then, necessarily, constitute a violent felony as well. Id.

Because Hylton's convictions for unlawful wounding and malicious wounding continue to qualify as predicate offenses even following Johnson, he cannot establish that he was improperly sentenced as an armed career criminal or that he is entitled to relief. 28 U.S.C. § 2255(a).

---

[3] Virginia defines both unlawful wounding and malicious wounding in one code provision:

If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony.

Va. Code Ann. § 18.2-51.

5

## III.

For the reasons stated herein, the court grants the government's motion to dismiss. Because Hylton has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 23rd day of April, 2018.

*/s/ Conrad*
Senior United States District Judge